IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.                                Civil Action No. 5:10CV54
                                         (STAMP)

RYAN BACHMAN, RUSSELL KING,
JACK NIGGEMYER, RYAN ALLEN SPEER,
MICHAEL DUPLAGGA, IV, and
JOHN SPARAGOWSKI,
PAR ENTERPRISES, INC.
d/b/a STRAUB HONDA/HYUNDAI
and JAMES BLANKENSHIP,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REMOVE THIS ACTION TO STATE COURT

### I. Background

Ryan Bachman, Russell King, Jack Niggemyer, Ryan Allen Speer, Michael Duplagga, IV, and John Sparagowski (collectively referred to as the "Claimants") sued James Blankenship ("Blankenship") in the Circuit Court of Ohio County, West Virginia ("Underlying Action"). The Claimants alleged that while Blankenship was employed as the General Sales Manager at PAR Enterprises, d/b/a Straub Honda/Hyundai ("PAR"), he sexually harassed the Claimants in violation of the West Virginia Human Rights Act. According to the Claimants, this sexual harassment included creating a hostile work environment by making unwelcome homosexual advances, requesting homosexual favors in exchange for job benefits, and unreasonably

interfering with the Claimants' work performance through verbal and physical conduct of a homosexual nature. (Compl. ¶ 14-17). The Claimants further alleged that Blankenship's sexual harassment was sufficiently severe or pervasive to create an abusive work environment at PAR.

As a result of Blankenship's alleged extreme and outrageous conduct, the Claimants asserted that they have suffered inconvenience, embarrassment, humiliation, physical and emotional pain and suffering, loss of wages, emotional and mental distress, loss of enjoyment of life, and loss of personal dignity. Id. at ¶ 19. The Claimants noted that at all relevant times, Blankenship was insured under an Allstate homeowner's policy of insurance ("Allstate Policy"). Id. at ¶ 20.

The plaintiff, Allstate Insurance Company ("Allstate"), filed a declaratory judgment action in this Court against the defendants, Ryan Bachman, Russell King, Jack Niggemyer, Ryan Allen Speer, Michael Duplagga, IV, John Sparagowski, PAR, and James Blankenship, seeking a declaration that it has no duty to defend or indemnify Blankenship in connection with the claims asserted against him in the Underlying Action and that the Allstate Policy held by Blankenship does not afford coverage for the acts alleged by the Claimants.[1]

---

[1]Several of the defendants in this case were dismissed by an agreed order of voluntary dismissal on July 6, 2010. The declaratory action in this Court proceeded with only James

Blankenship filed a pro se[2] motion to remove this action to state court, as well as an answer and counterclaim. In his motion to remove this action to state court, Blankenship argues that the state court is the more appropriate court to hear these issues because the Underlying Action is also before the Circuit Court of Ohio County. (Def.'s Mot. at ¶ 5). Although Blankenship's motion to remove this action to state court contains a certificate of service, the plaintiff did not file a response.

This Court has carefully reviewed the parties' motions and related memoranda, and because the defendant is pro se, this Court has liberally construed the defendant's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). After considering the memoranda submitted by the parties and the applicable law, this Court finds, for the reasons that follow, that Blankenship's motion to remove this action to state court should be construed as a motion to abstain. For the reasons set forth below, the defendant's motion is denied.

## II. Applicable Law

---

Blankenship, the named insured under Allstate's Policy, as a party defendant.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

The motion to remove this action to state court asks this Court to decline to exercise jurisdiction because the Underlying Action is already pending in the Circuit Court of Ohio County, West Virginia. As such, this Court construes the defendant's motion as a motion to abstain and analyzes it pursuant to Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992).

The United States Court of Appeals for the Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. The first set of standards was stated in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). In that case, the Court held that a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. The Court built upon these principles in Mitcheson v. Harris, 955 F.2d at 237-40, suggesting that district courts also consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

4

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later in Nautilus Ins. Co. v. Winchester Homes, Inc., the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

An analysis of this issue using the factors outlined in Mitcheson and Nautilus leads this Court to conclude that abstention in the above-styled civil action is inappropriate.

### III. Discussion

#### A. Standing and Justiciable Controversy

The Fourth Circuit Court has stated that a "dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment." Nautilus Ins. Co., 15 F.3d at 375. Accordingly, this Court finds that the dispute between the plaintiff and the defendant is an actual controversy, as it will determine whether or not the plaintiff has a duty to defend Blankenship in the state court

5

action.  See also ACandS, Inc. v. The Aetna Cas, & Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981)("Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits"); Amer. Motorists Ins. Co. v. Mack, 248 F. Supp. 1016, 1018 (E.D. Pa. 1965)(holding that plaintiff insurance company has presented a real and justiciable controversy because a "declaration on the merits by the district court . . . might well determine that the insurer has no duty whatsoever to defend.  On the other hand, if it is found that the insurance company must defend Mack in the state court action, the action could then proceed against her with the plaintiff herein acting on her behalf").

B.  Abstention

Blankenship argues that this Court should remove this matter to the Circuit Court of Ohio County, West Virginia because the state court would be a more suitable forum.  Assuming that the defendant's motion is a motion to abstain, after a consideration of the factors outlined in Mitcheson and Nautilus, this Court finds that abstention in the above-styled civil action is inappropriate.

First, this is not a case involving "close" issues of state law or one in which that law is "difficult, complex, or unsettled."  See Mitcheson, 955 F.2d at 240; Nautilus, 15 F.3d at 378.  Second, this Court finds that permitting this action to go forward would

not result in an unnecessary entanglement with the state court litigation because no underlying declaratory judgment action or claim has been instituted in the state court-the state court action involves a sexual harassment claim.  Third, this Court finds that the defendant has not engaged in "procedural fencing."  Because this Court finds, in its discretion, that this action can be properly maintained in this Court, Blankenship's motion regarding abstention is denied.

IV. Conclusion

For the reasons stated above, defendant's motion to remove this action to state court is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    August 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE